927 F.2d 969
 Helen CHASTAIN, Widow of Donald Chastain, Petitioner,
v.
FREEMAN UNITED COAL MINING COMPANY and Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 88-3381.
 United States Court of Appeals,
Seventh Circuit.
 March 14, 1991.
 
 Before CUDAHY, FLAUM and RIPPLE, Circuit Judges.
 
 Order Denying Petition For Rehearing
 
 1
 Freeman United Coal Mining Company filed a petition for rehearing in the case of Chastain v. Freeman United Coal Mining Co., 919 F.2d 485 (7th Cir.1990), alleging that this court should have remanded the case to the Administrative Law Judge (ALJ) for redetermination of entitlement to benefits rather than awarding benefits to Chastain. Freeman argues that although 727.203(b)(4) could not be based upon the physicians' reports, the ALJ on remand could nevertheless rebut the presumption under (b)(4) through negative X-ray evidence. Because the negative X-ray evidence in this case could not establish rebuttal under (b)(4), the decision to award benefits was proper and the petition for rehearing must therefore be denied.
 
 
 2
 Freeman argues that X-ray evidence is the most probative evidence regarding the existence of pneumoconiosis, see Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 150-51 n. 26, 108 S.Ct. 427, 435-36 n. 26, 98 L.Ed.2d 450 (1987), and therefore X-ray evidence similarly should be the most probative evidence regarding the absence of pneumoconiosis under (b)(4). That correlation, however, does not exist. Congress in enacting the black lung legislation was presented with numerous studies demonstrating that X-rays that failed to disclose pneumoconiosis were not reliable indicators of the absence of the disease. Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 31-34, 96 S.Ct. 2882, 2899-2901, 49 L.Ed.2d 752 (1976). In one study, twenty-five percent of two hundred coal miners examined whose X-ray findings showed no pneumoconiosis were later determined on post mortem examination to have pneumoconiosis. 428 U.S. at 32 n. 34. Therefore, while X-rays demonstrating pneumoconiosis are reliable to prove the existence of the disease, the absence of such evidence in X-rays does not reliably indicate that the miner does not suffer from pneumoconiosis. 428 U.S. at 31-34, 96 S.Ct. at 2899-2901. Faced with that evidence, Congress determined that no claim for benefits may be denied solely on the basis of negative X-ray evidence. 30 U.S.C. Sec. 923(b); 428 U.S. at 32-33, 96 S.Ct. at 2900-01; Mullins, 484 U.S. at 151, 108 S.Ct. at 436.
 
 
 3
 X-ray evidence can be used in combination with other factors to demonstrate the absence of pneumoconiosis, but Freeman points to no such factors and our review yields none. The only other factor suggested by Freeman is the pulmonary function tests. Those tests, however, did not meet the minimum quality standards necessary in order to be considered in determining invocation, and therefore are irrelevant regarding rebuttal as well. The record in this case is devoid of evidence which can be combined with the negative X-rays to support (b)(4) rebuttal. Only one physician's report discussed by the ALJ incorporated X-ray evidence, and that report concluded that the miner suffered from pneumoconiosis. Other evidence can also be combined with negative X-rays to support (b)(4) rebuttal, but no other evidence has been suggested by Freeman and no such evidence is apparent from the record. Therefore, the ALJ could not find (b)(4) rebuttal based upon the negative X-ray evidence, and there is no reason to remand the case for the ALJ to reconsider entitlement to benefits.[1]
 
 
 4
 The petition for rehearing is denied.
 
 
 
 [1]
 In response to the rehearing petition, Chastain asserts that X-ray evidence cannot be used to rebut statutory, as opposed to clinical, pneumoconiosis. The labeling of a disease as statutory rather than clinical pneumoconiosis does not affect the availability of rebuttal under (b)(4), and the petition for rehearing cannot be denied on that basis